PETER MULLIGAN and Others, Respondents, *v.* LUTHER C. VREELAND and Others, Appellants, Impleaded with Others.

*Foreclosure of a mechanic's lien by a sub-contractor — assignment by the contractor of an installment due him — the assignee not a necessary party.*

An action to foreclose several mechanics' liens was brought by sub-contractors against the owner of certain premises, the contractor for the erection of a building thereon, and certain other lienors. The answer of the owner alleged, among other things, that at a date prior to the filing of all the liens except one, the contractor assigned all moneys due and to grow due upon the second payment due him under the contract between the owner and the contractor, to the firm of Cloughly, Nichols & Co., in payment for material used in constructing the building, and that after the assignment the contractor abandoned the contract, and failed and refused to complete the same.

Upon the trial of the action Cloughly was sworn as a witness for the owner, and after the case was submitted, the court granted an order making Cloughly, Nichols & Co. parties to the action.

*Held,* that Cloughly, Nichols & Co. were not necessary parties, and that a complete determination of the claims asserted could be made without their presence before the court, and that such order was unnecessary and would be reversed on appeal.

PRATT, J., dissenting.

APPEAL by the defendant, Luther C. Vreeland, from an order of the Supreme Court, made at the Dutchess Special Term and entered in the office of the clerk of the county of Westchester on the 29th day of March, 1895, amending the summons and complaint in the action by adding the names of the firm of Cloughly, Nichols & Co. as parties defendant.

Also appeals from said order by James Cloughly and others, who appear specially for the purposes of the appeal.

The owner of the premises in question was Luther C. Vreeland. The original parties defendant were the owner, the contractor and certain lienors. The answer of the owner alleged that the first payment due the contractor under the contract had been duly made, as required by the terms of the contract.

*A. L. Livermore,* for the appellant.

*H. C. Griffin,* for the respondents.

BROWN, P. J.:

This action was brought to foreclose a large number of mechanics' liens upon the appellant's property. There are eleven plaintiffs,

each one of whom has filed a separate lien, and all of whom performed labor for one Roake, who was the contractor with the appellant for the erection of a dwelling house. The action was commenced in February, 1894. The appellant answered the complaint, and among other things alleged that, on the 9th day of May, 1893, said contractor, by an instrument in writing, duly assigned to Cloughly, Nichols & Co., in payment for material furnished and used in the construction of the dwelling, all moneys due and to grow due upon the second payment due under said contract, and that thereafter said contractor abandoned his contract and failed and refused to complete the same. The date of said assignment was prior to the filing of all the liens filed by the several plaintiffs with the exception of one.

Thereafter, and on June 24, 1894, the action was referred and the trial proceeded before the referee until February 11, 1895, when it was finally submitted to him for his decision, and on the trial said Cloughly was sworn as a witness on behalf of the owner.

The order appealed from was granted upon the plaintiffs' motion and against the objection of the appellant Vreeland, and permits the plaintiffs to make said Cloughly, Nichols & Co. defendants, and directs the submission to the referee to be set aside and the trial reopened and the issue raised or to be raised by the amended complaint to be determined in the action. The referee has made affidavit that he can render a complete determination of the controversy without the presence of any other parties than those now before the court, and it is apparent from the foregoing statement that Cloughly, Nichols & Co. are not necessary parties to the determination of the claims asserted by the plaintiffs. Such being the fact, the order is unnecessary and the trial should not be delayed.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DYKMAN, J., concurred.

PRATT, J. (dissenting):